CANNADY, et al. *v.* MORRIS

No. 40581          December 9, 1957          98 So. 2d 768

*Gipson, Gipson & Wiley,* Meridian, for appellants.

*Nate S. Williamson, Lester F. Williamson, La Valle Smith,* Meridian, for appellee.

ROBERDS, P. J.

On December 18, 1956, the Circuit Court of Lauderdale County, Mississippi, entered a personal judgment for the sum of $3,000 against W. R. Cannady and Mrs.

Mary Bovard. The judgment was based upon the obligations of a forthcoming or a replevin bond.

On December 26, 1956, that court overruled a motion of Mr. Cannady and Mrs. Bovard to set that judgment aside. From the action of the court in rendering the judgment and its refusal to set the judgment aside, Mr. Cannady and Mrs. Bovard appealed to this Court.

The action of the circuit court was taken under these circumstances: On August 10, 1955, E. J. Morris sold and delivered to the Queen City Amusement Shows, Inc. a quantity of personal property suitable to be used in the operation of a carnival show. The price to be paid for the property was $15,500. The purchaser paid $5,000 in cash and executed a note for $10,500, due one year after date.

Queen City Amusement Shows, Inc. defaulted in the payment of that note, and on August 11, 1956, Morris filed a suit in the circuit court of said county against the maker of the note, seeking a personal judgment for the sum of $10,500, interest and attorneys fees, and seeking to have the property sold under the purchase money lien and the proceeds applied upon the personal judgment.

On August 20, 1956, appellants executed to Morris a replevin or a forthcoming bond, which bond obligated the appellants to pay the sum of $3,000 "unless the said principal obligor and defendant shall have certain personal property, to wit: 1—Ferris Wheel on Trailer
1—GMC truck with Chair plane
before the Circuit Court of Lauderdale, to be held at on the 1st Monday of Oct. A. D. 1956, to satisfy the judgment of said court in the action of replevin by said plaintiff against said defendant for said property." The property described in the bond was a part of the property purchased by Queen City Amusement Shows, Inc. from E. J. Morris. The trailer and chair plane, des-

cribed in the bond, were delivered to Cannady upon the execution and filing of the bond.

The Queen City Amusement Shows, Inc., by its answer, admitted the execution of the note for the unpaid purchase price of the personal property described in the declaration, but by counterclaim the Queen City Amusement Shows, Inc. asserted that Morris, the defendant, warranted that the property was in first class condition, and the counterclaim asserted that it was not in good condition and that therefore Morris had become liable to the Queen City Amusement Shows, Inc. in a sum greater than that for which Morris had sued.

On December 17, 1956, the case came on for trial between Morris and the Queen City Amusement Shows, Inc. The jury returned a verdict in favor of Morris for $10,500 principal and $295.10 interest, and $1,493 attorneys fees. Judgment was accordingly entered by the trial court. The judgment was not filed with the clerk until December 22, 1956. It is not clear whether it was signed on December 18th or December 22nd. However, on December 21, 1956, before the filing and entry of the judgment, counsel for the appellants filed a written statement, in which they averred as facts that they had surrendered and delivered the property described in the bond to the Sheriff of Lauderdale County, Mississippi, "and that said property for which said bond was given is now in the possession of said sheriff, with and at the same place of all other property that the sheriff seized under a writ of seizure in this case.

"The sheriff may, as he sees fit, in performing his duties, proceed to deal with all of said personal property as required by law.

"This instrument is filed prior to the rendition of the final judgment in this case based on the verdict of the jury in this case."

There was no reply to the averments of the foregoing notice.

Apparently this notice was filed before the judgment was entered.

On December 26, 1956, appellants filed a motion to set aside the judgment against them which had been filed December 22, 1956. This motion stated, among other things, that all of the property covered by the bond had been surrendered to the sheriff to be sold under the purchase money lien and the judgment which had been entered in the case, and further stated that the property described in the bond was not worth over $1,500. This motion was sworn to by appellant Cannady. No written response was made to this motion and the facts averred therein were not challenged.

On December 26, 1956, the trial court overruled the motion to set aside the personal judgment against appellants.

The record further discloses that on February 21, 1957, the Sheriff of Lauderdale County sold all of the property which the Queen City Amusement Shows, Inc. had purchased from Morris, and applied the net proceeds of the sale to the personal judgment which had been rendered in favor of Morris and against the Queen City Amusement Shows.

Mr. Cannady and Mrs. Bovard appealed to this Court from the action of the trial court in entering personal judgment against them, and to the action of the court in overruling their motion to set aside that judgment. The Queen City Amusement Shows did not appeal from the judgment rendered against it.

We think the trial court erred in entering personal judgment against appellants, and also in its refusal to set aside that judgment.

■■■ ■ There is much discussion in the briefs as to whether the bond which appellants gave is a replevin bond or a forthcoming bond. We do not think that question is important here. Whether it be a replevin or a forthcoming bond, the duty of the obligors thereunder

was to have the property available for surrender in obedience to the judgment of the court. Sections 349 and 2849, Miss. Code of 1942. ██ █ Morris places a very strict construction upon the obligations of the bond. His contention is that the bond obligates the makers thereof to have the property described therein before the circuit court on Monday, October 1, 1956, regardless of the nature and character of the property and the possibility of having it before the court and regardless of the stage of the proceedings. As stated, we construe the duty of the obligors in the bond to have the property available for satisfaction of whatever judgment the court might see fit to enter in the disposition of the property, and according to this record that property was with the rest of the property which was sold by Morris to the Queen City Amusement Shows, and was in the hands, available to the possession of, the sheriff of the county.

██ █ Another reason we think a personal judgment against appellants should not have been entered and the motion setting aside the judgment should have been sustained after the judgment was rendered is that it is undisputed that the sheriff actually took possession of the property described in the bond and he advertised and sold it and made his return to the court to that effect. It certainly would be inequitable and unjust to render a personal judgment against the obligors in the bond and at the same time sell the property and apply the proceeds to the personal judgment of Morris against the Queen City Amusement Shows, Inc.

Reversed and judgment here for the appellants.

*Hall, Kyle, Ethridge* and *Gillespie, JJ.,* concur.